IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN





 





NO. 3-91-510-CR





TOMAS ACEVEDO,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE




 




FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT



NO. CR-91-13, HONORABLE GEORGE M. KELTON, JUDGE PRESIDING



 





PER CURIAM

 A jury found appellant guilty of theft of property having a value of $750 or more
but less than $20,000. Tex. Penal Code Ann. § 31.03 (West 1989 & Supp. 1992). The jury
assessed punishment at imprisonment for ten years and a $5000 fine.

 In his third point of error, appellant contends the district court erred by refusing
to order the preparation of a statement of facts at no cost to appellant. A brief summary of the
procedural history of this cause is required to understand our disposition of this point of error.

 Sentence was imposed in this cause on July 25, 1991. Motion for new trial and
notice of appeal were timely filed. No affidavit of indigence was filed. See Tex. R. App. P.
53(j)(2). On November 21, 1991, appellant filed his first motion for extension of time to file
statement of facts, requesting that the time for filing be extended to January 20, 1992. There was
no mention of indigence in the motion or of nonpayment in the affidavit of the court reporter. 
The motion was granted. 

 On February 6, 1992, appellant filed his second motion for extension of time to file
statement of facts, requesting that the time for filing be extended to April 20, 1992. In this
motion, appellant stated that "due to his ill health and a change in financial conditions, the
Defendant requires more time to pay for transcription of such proceedings." In the alternative,
the motion requested this Court to order a hearing to determine whether appellant was unable to
pay for the statement of facts. The motion for extension of time was granted.

 On April 20, appellant filed a "motion requesting hearing on indigency." In this
motion, appellant renewed his request for a hearing on appellant's ability to pay for the statement
of facts. The motion was granted. This Court ordered the district court to conduct a hearing to
determine whether appellant was indigent. The district court was also instructed to determine
whether appellant deliberately failed to timely request a free statement of facts or if the failure to
use due diligence was the result of ineffective assistance of counsel. See Tex. R. App. P. 53(m).

 The testimony at the hearing reflects that appellant was represented by retained
counsel at trial. Appellant's current counsel was retained to represent him at the trial of other
pending indictments. Present counsel stated that he was not employed to represent appellant on
appeal in this cause, but that he intended to bill him for his services on appeal at a later date. 
According to counsel, appellant was told at the conclusion of trial that time was of the essence
with respect to the appeal, and in particular was told that there was a deadline for filing a request
for a free statement of facts. Counsel testified that appellant assured him that he would pay the
court reporter's fee for transcribing her notes, and that appellant regularly visited his office and
reported on the steps being taken to raise the funds for the statement of facts. Apparently,
appellant first told counsel that he was unable to afford the statement of facts shortly before the
second motion for extension of time to file statement of facts was tendered.

 At the conclusion of the hearing ordered by this Court, the district court made
several findings of fact, among them that appellant misled his counsel by saying that he would pay
for the statement of facts; that appellant deliberately failed to exercise diligence in obtaining a
statement of facts; and that appellant did not timely advise counsel of his alleged indigence. The
testimony at the hearing supports these findings.

 In order to obtain a free statement of facts, a defendant must exercise due diligence
in claiming indigence by timely filing his affidavit. Snoke v. State, 780 S.W.2d 210, 212-13
(Tex. Crim. App. 1989); Abdnor v. State, 712 S.W.2d 136, 140-41 (Tex. Crim. App. 1986). No
affidavit of indigence was filed in this cause, either timely or untimely. Appellant did not mention
indigence or inability to pay for the statement of facts for over six months following imposition
of sentence, during which time he requested and was granted an extension of time to file the
statement of facts. This failure to timely assert indigence does not appear to have been the result
of ineffective counsel, but rather the result of appellant's knowing failure to advise counsel of his
alleged indigence and his repeated assurances that money for the statement of facts would be
forthcoming. Appellant has not been deprived of a statement of facts because of ineffectiveness
of counsel or for any other reason except his deliberate failure to assert indigence. The district
court did not err by refusing to order the preparation of a free statement of facts. The third point
of error is overruled.

 In points of error one and two, appellant asserts that "[t]he offenses alleged in the
indictment were improper as said offenses relate to statutes other than those indicated in the
indictment" and that "[t]he allegations contained in the criminal indictment were civil in nature
and appropriate remedies are available only through a finding of damages in a civil cause of
action." Appellant contends that the evidence at trial shows that the prosecution was based on
appellant's failure to perform work he had contracted to do, and that the proper remedy was a
civil suit. If his actions were criminal, argues appellant, he should have been prosecuted under
Tex. Penal Code Ann. § 32.42 (West 1989). Without a statement of facts, these points of error
present nothing for review. Points of error one and two are overruled.


 The judgment of conviction is affirmed.



[Before Chief Justice Carroll, Justices Jones and Kidd]

Affirmed

Filed: December 9, 1992

[Do Not Publish]